UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CHRIS GIRARD** | ) | CIVIL ACTION NO. |
| | ) | |
| **VERSUS** | ) | SECTION : |
| | ) | |
| **LUMAR MARINE, INC.** | ) | MAGISTRATE: |
| | ) | |

**COMPLAINT**

The complaint of Chris Girard, a person of the full age of majority and resident of the Parish of Jefferson, State of Louisiana (hereinafter sometimes referred to as "plaintiff"), who respectfully represents as follows:

1.

Made defendant herein is:

(A) Lumar Marine, Inc., a limited liability entity organized according to the laws of the State of Louisiana, and, at all times pertinent hereto, was authorized to do, and was doing business in the State of Louisiana.

2.

The jurisdiction of this Honorable Court is based upon the provisions of 28 U.S.C. § 1333(1), and is being brought pursuant to the provisions of 46 U.S.C. § 30104 (the "Jones Act"), the provisions of the general maritime law, the provisions of Rule 9(h) of the Federal Rules of Civil Procedure, and 28 U.S.C. §1916. Specifically, plaintiff is entitled to avail himself of the provisions of 28 U.S.C. Section 1916, allowing him to proceed without the necessity of prepayment of costs, fees or the posting of security, and Rule 9(h) of the Federal Rules of Civil Procedure.

3.

Alternatively, the jurisdiction of this Honorable Court is also proper pursuant to 28 U.S.C. § 1332 on the basis of diversity of citizenship, and the provisions of the Louisiana Civil Code § 2315 *et seq.*

4.

The defendant, Lumar Marine, Inc., is justly and truly indebted unto your plaintiff, Chris Girard, for the following reasons, to-wit:

5.

At all material times, plaintiff Chris Girard was employed by Lumar Marine, Inc., as a deckhand, and a Jones Act seaman.

6.

Plaintiff was permanently assigned by defendant, Lumar Marine, Inc. to work aboard the *M/V Tako Toddy,* a vessel that was owned and/or operated and/or chartered and/or controlled by Lumar Marine, Inc., at all material times herein.

7.

On or about May 22, 2011, while performing his duties as deckhand aboard the *M/V Tako Toddy*, plaintiff, Mr. Girard, was assisting in taking a barge into dock for cleaning, tripped and fell on a foreign substance on the deck of the barge while the vessel was near St. Charles Parish, Louisiana. Defendant, Lumar Marine, Inc., did not take proper safety precautions in providing adequate equipment to allow the safe removal of foreign substances on the decks of barges that it contracted to transport, and/or failing to warn plaintiff and/or other crewmen of the *M/V Tako Toddy* of foreign substances on the deck of barges which the *M/V Tako Toddy* was contracted to move. As a result of the negligence of defendant, Lumar Marine, Inc., its agents, employees and/or assigns; and/or the master and/or crewmembers of the *M/V Tako Todd;* plaintiff sustained

serious personal injury. Additionally and /or alternatively plaintiff asserts that the above described acts and/or conditions caused the vessel *M/V Tako Todd* and/or its appurtenances and/or appliances to be unseaworthy.

8.

Plaintiff shows that at all times pertinent he was where he was ordered to be and performing the duties and functions he was instructed and obliged to perform pursuant to directives of defendant, Lumar Marine, Inc.

9.

The casualties occurred as a direct and proximate result of the negligence of defendant, Lumar Marine, Inc. and/or the negligence of the master of the *M/V Tako Toddy* in failing to provide an adequate crew, in failing to provide adequate equipment aboard the vessel, ordering the crew to work using unsafe conditions, as well as other acts of negligence which will also be proven at trial.  These acts of negligence render defendant, Lumar Marine, Inc., liable to plaintiff pursuant to the Jones Act, 46 U.S.C. §30104, and also pursuant to the general maritime law for negligence.

10.

Plaintiff's accidents were caused by defendant's violation of numerous statutes and regulations, including, but not limited to, statutes and regulations issued by OSHA and the United States Coast Guard.

11.

Plaintiff further demands that defendant, Lumar Marine, Inc., provide him with maintenance and cure benefits until such time as he reaches "maximum medical cure," as determined by plaintiff's treating physician.  Plaintiff demands that maintenance be instituted in the amount of $80.00 per day from the date of his injury.

12.

In addition, the defendant has refused and/or failed and/or partially failed to timely pay plaintiff's maintenance and cure benefits. The refusal/failure to do so on a timely basis was willful, wanton, arbitrary, capricious, and/or otherwise without cause. As a result, the plaintiff has had to endure additional and unnecessary pain, suffering and financial stress and possible worsening of his physical condition. As a result thereof, the defendant is liable until the plaintiff for additional compensatory damages in a full and true amount to be determined at the trial of this matter, together with interest from the date of occurrence, a reasonable attorney's fee and all costs of these proceedings and punitive damages pursuant to the Supreme Court of the United States' ruling in *Atlantic Sounding Co., Inc. v. Townsend*, 129 S. Ct. 2561 (2009).

13.

The above-described incidents were caused solely by the negligence of defendant, Lumar Marine, Inc., through their agents, servants and employees, which are more particularly described as follows:

Negligence Of Lumar Marine, Inc.

    a. Failing to provide a competent crew.

    b. Failing to properly supervise its employees.

    c. Failing to properly train and/or supervise plaintiff and other employees.

    d. Failing to provide plaintiff with a safe place to work, and requiring plaintiff to work in unsafe conditions; and in failing to warn plaintiff about same;

    e. Failing to adequately equip plaintiff with proper equipment required to perform certain operations;

    f. Failure to inspect for, and/or warn plaintiff about dangerous conditions aboard barges it was contracted to tow which constituted an risk of harm; and

      g.  Other acts of negligence which will be shown more fully at trial.

14.

In the further alternative, plaintiff, Chris Girard, reiterating and realleging each and every allegation set forth above, as though set forth herein in extenso, avers the applicability of the doctrine of *res ipsa loquitur*.

15.

As a result of the above-described negligence and unseaworthiness of the vessel, plaintiff, Chris Girard, sustained the following damages:

      a.  Past, present and future physical pain and suffering;

      b.  Past, present and future mental pain, suffering and anguish;

      c.  Past, present and future medical expenses;

      d.  Past lost wages;

      e.  Past lost found;

      f.  Loss of future earning capacity;

      g.  Loss of future found;

      h.  Loss of fringe benefits;

      i.  Disfigurement and disability;

      j.  Loss of enjoyment of life; and,

      k.  Other damages which shall be proven at trial.

16.

Plaintiff is entitled to prejudgment interest on his damages from the dates of loss. As to any damages which the court determines are not properly subject to an award of prejudgment interest, plaintiff demands interest from the date of judicial demand.

17.

Plaintiff is entitled to recover all costs of these proceedings, including filing fees, expert witness fees, attorney's fees and other court costs and litigation costs.

**WHEREFORE**, plaintiff, Chris Girard, prays that the defendant, Lumar Marine, Inc. be duly cited and served with a copy of the Complaint and that after due proceedings are had there be judgment rendered herein in favor of plaintiff and against defendant, in an amount sufficient to adequately compensate your plaintiff for his damages together with legal interest thereon from date of judicial demand until paid, for all costs of this suit and for all general and equitable relief.

        **RESPECTFULLY SUBMITTED BY:**

        */s/Ronna M. Steele*
        **RONNA M. STEELE (#20006)**
        301 Huey P. Long Avenue
        Gretna, LA  70053
        Telephone:  (504) 366-3475
        Attorney for Chris Girard
        Email: *rsteele@usagulf.com*

PLEASE SERVE:

Lumar Marine, Inc
through its authorized agent for service of process
Anthony J. Lulich
452 Destrehan Avenue
Harvey, LA 70058